# SUPREME COURT.

## ELIZABETH M. BEDELL vs. JOHN W. STICKLES.

An order of a single justice refusing to strike out matter as irrelevant and redundant, in a pleading is not an appealable order to the general term, (See *Whitney* agt. *Whitney ante,* page 315.)

Appealable orders, as settled in the second district are, 1st. Those mentioned in § 349. and which relate only to appeals from orders and judgments in "civil actions."

2d. Special proceedings of an equitable nature, such as under the former practice were appealable from a vice-chancellor to the chancellor.

3d. In special proceedings, not of an equitable nature, where an appeal is expressly given by statute, or existed according to the former practice of the Supreme Court.

Special proceedings are not regulated by § 349, but depend upon the pre-existing laws and practice.

*It seems,* that the rule in relation to striking out irrelevant and redundant matter, should be in analogy to that of the old Supreme Court, in relation to frivolous demurrers. Where there is *some question,* or ground for argument about it, the application should be refused. (*The views of Mr. Justice* HARRIS *in the cases of White* v. *Kidd, and Hynds* v. *Griswold, ante,* pages 68 and 69, *upon this subject, concurred in.*)

*Dutchess General Term, Poughkeepsie, July,* 1850.—*Justices* MORSE, BARCULO and BROWN. In this case Justice WRIGHT made an order on the application of the defendant, refusing to strike out certain matters contained in the complaint, which defendant's counsel moved to strike out as redundant and irrelevant. The defendant, thereupon, appeals from that decision to the general term, and contends that this court should now strike out those facts which the justice refused to strike out.

E. P. COWLES, *for plaintiff.*

Mr. REYNOLDS, *for defendant.*

By the Court, BARCULO, Justice.—The question as to what cases are appealable from the decision of a single justice, was presented several times at the last general term of this court held at Brooklyn. We therefore took the matter into consideration, with a view of settling the practice in this district; and now take this occasion to state our conclusions.

In the first place, we are of opinion that section 349 of the code relates only to appeals from "orders and judgments in *civil actions.*" This is apparent as well from the language of the section as the language of section 323, which is the first section of the title, and declares that "the only mode of reviewing a judgment or order, in a *civil action,* shall be that prescribed by this title;" and section 8, which assigns the second part of the code "to *civil actions* commenced in the courts of this state," &c.

It follows from this view, that appeals in *special proceedings* are not regulated by section 349, but depend upon the pre-existing laws and practice.

Consequently, where the proceeding is of an equitable nature, such as under the former practice, would have come within the cognizance of a vice-chancellor, and was subject to appeal to the chancellor, in such cases an appeal now lies from the decision of a single justice to this court at a general term. This, of course, includes the applications in regard to the removal of trustees, or the disposition of trust estates which have been before us.

But where the special proceeding is of such a nature as not to fall within the jurisdiction of the former Court of Chancery, then, as a *general rule,* no appeal lies to the general term, from the decision of the

special term. The exceptions are where such appeal may be expressly given by statute or existed according to the former practice of the Supreme Court. This rule is analogous to the rule formerly prevailing in the Court of Chancery and Supreme Court, the powers of which are transferred to this court by the constitution and Judiciary Act of 1847.

Applying these principles to the case before us, it is obvious that the appeal cannot be sustained, because it is from an order made in an *action*, and therefore, is regulated by the code, but does not fall within any of the subdivisions of section 349. The defendant's counsel contends that it "involves the *merits of the action*, or some part thereof." But this cannot be so ; for the very ground of the motion is, that the matter sought to be stricken out is *redundant and immaterial*. Now, if the matter is redundant and immaterial, it cannot clearly involve the *merits ;* and if it does not involve the merits it cannot get to us by appeal. If, however, it should be conceded that the matter does involve the *merits*, then the decision of Justice WRIGHT in refusing to strike out the merits, was clearly right, and must be affirmed, if we should entertain the appeal.

In regard to the question of striking out irrelevant and redundant matters, I will add that I have had several recent applications before me of this nature, and have in every case denied the motion. This was done upon the ground that there was *some question* as to the matters being wholly irrelevant. I think the true rule to be adopted, is one in analogy to the rule of the former Supreme Court, in regard to frivolous demurrers. If the case was such as to require any *argument* to show that it was frivolous, the court would not dismiss the case, but retain it for argument in its order on the calendar. So under the code, if the matter on being stated is not clearly irrelevant, it should not be stricken out on motion, but the party should be left to his demurrer. Nor should motions of this character be encouraged by striking out every superfluous word unless it partakes of the scandalous, or otherwise manifestly aggrieves the opposite party. I think that the true view of this part of the code has been taken by Justice HARRIS in *White* v. *Kidd,* and *Hynds* v. *Griswold,* (4 How. 68 and 69.)